UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS CLIFFORD REXROAT, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CARTER, et al.,<br><br>Defendants. | CAUSE NO.: 3:20-CV-242-RLM-MGG |

OPINION AND ORDER

Thomas Clifford Rexroat, Jr., a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Rexroat alleges that he suffered a seizure in his Indiana State Prison dormitory on July 17, 2019. Sergeant Statham and another correctional officer arrived at the dormitory, handcuffed him, placed him on the floor, and

administered Narcan.[1] Due to his seizures, he hit his head of the floor. The correctional officers placed Mr. Rexroat on a gurney and, when he tried to get up due to his dazed state, Sergeant Statham used unnecessary force in pushing Mr. Rexroat down with his elbow. Mr. Rexroat continued to try to get off the gurney, so the correctional officers grabbed him by the elbows and dragged him to the medical unit, dislocating his left shoulder. Mr. Rexroat began vomiting after arriving at the medical unit, but medical staff ignored him, except to assess his ability to answer basic questions. He told numerous members of medical staff and correctional staff about the pain caused by his injured head and shoulder. Lieutenant Lott declined Mr. Rexroat's requests for help and explained that correctional staff used Narcan because they thought that he was dying as a result of an opioid overdose, though Mr. Rexroat adamantly denied using opioids.

On July 30, Mr. Rexroat submitted a medical request for an X-ray for his left shoulder. Though he asked for an X-ray on numerous other occasions, he didn't get one until October 31, 2019, and the X-ray revealed a dislocated shoulder. He has received no further treatment. For these claims, he seeks money damages.

---

[1] Narcan, or naloxone, is used to treat opioid overdoses. National Institute of Health, https://www.drugabuse.gov/related-topics/opioid-overdose-reversal-naloxone-narcan-evzio (last visited June 1, 2020). According to the National Health Institute:

> Naloxone is an extremely safe medication that only has a noticeable effect in people with opioids in their systems. Naloxone can (but does not always) cause withdrawal symptoms which may be uncomfortable, but are not life-threatening; on the other hand, opioid overdose is extremely life-threatening. Withdrawal symptoms may include headache, changes in blood pressure, rapid heart rate, sweating, nausea, vomiting, and tremors.

Id.

Mr. Rexroat asserts an Eighth Amendment claim against Sergeant Statham and unknown correctional officers for using excessive force against him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id. The complaint indicates that beliefs about Mr. Rexroat's medical condition motivated the correctional officers' conduct rather than a malicious intent to cause harm. While they used some force, the complaint indicates that Mr. Rexroat was disoriented and uncooperative and that they believed that Mr. Rexroat was dying of an opioid overdose and needed imminent life-saving medical treatment. Mr. Rexroat can't proceed on an Eighth Amendment claim of excessive force based on these allegations.

Mr. Rexroat asserts an Eighth Amendment claim of deliberate indifference against Wexford of Indiana for inadequate treatment for his left shoulder. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). An employer is liable for conduct of its employees in many fields of law, but not under § 1983. Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Corporate liability exists under § 1983only "when execution of a [corporation's] policy or custom . . . inflicts the injury." Id. Because Mr. Rexroat hasn't identified a policy or custom that caused the inadequate treatment for his left shoulder, he can't proceed against Wexford of Indiana.

Mr. Rexroat also names Lieutenant Lott as a defendant, alleging that Lieutenant Lott accused him of opioid abuse and disregarded his complaints of pain. Merely accusing an individual of opioid abuse doesn't violate the Constitution, and, while Lieutenant Lott might not have responded to the complaints of pain, it is unclear what measures were warranted given that Mr. Rexroat was already at the medical unit under observation by medical staff and given that Lieutenant Lott wasn't himself a medical professional. Mr. Rexroat also names Commissioner Carter and Warden Neal due to their supervisory roles. For Section 1983 claims against individuals, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). Therefore, Mr. Rexroat can't proceed against these defendants.

The court will give Mr. Rexroat a chance to file an amended complaint. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. He should file an amended complaint only if he believes he can address the deficiencies set forth in this order.

For these reasons, the court GRANTS Thomas Clifford Rexroat, Jr., until June 26, 2020, to file an amended complaint. If Mr. Rexroat doesn't respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on May 26, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT