UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS CLIFFORD REXROAT, JR.,

Plaintiff,

v.

RON NEAL, et al.,

Defendants.

CAUSE NO. 3:20-CV-242-RLM-MGG

OPINION AND ORDER

Thomas Clifford Rexroat, Jr., a prisoner without a lawyer, filed an amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Rexroat's amended complaint alleges that he suffered a seizure in his dormitory at the Indiana State Prison. Sergeant Statham and another correctional officer arrived at the dormitory and suspected an opioid overdose.

They handcuffed him, placed him on the floor, and administered Narcan. Unable to control his movements, he hit his head of the floor. The correctional officers placed Mr. Rexroat on a gurney and, when he tried to get up due to his dazed state, Sergeant Statham used unnecessary force in pushing Mr. Rexroat down with his elbow. Mr. Rexroat continued to try to get off the gurney, so the correctional officers grabbed him by the elbows and dragged him to the medical unit, dislocating his left shoulder. They were angry because Mr. Rexroat's medical condition had disrupted a scheduled shift change, and they ignored his requests to walk on his own.

Mr. Rexroat asserts an Eighth Amendment claim against Sergeant Statham and an unknown correctional officer for using excessive force against him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id. Giving Mr. Rexroat the inferences to which he is entitled at this stage of the proceedings, he states a plausible claim against Sergeant Statham. The unidentified correctional officer is dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir.

1997). If Mr. Rexroat can identify this correctional officer, he may move to amend his complaint then.

Mr. Rexroat further alleges that Mr. Rexroat submitted a medical request for an X-ray for his left shoulder. Though he requested an X-ray on two other occasions, he did not get one until his appointment with Dr. Marthakis three months later. The X-ray revealed a dislocated shoulder. In the ten months since then, he has received no further treatment.

Mr. Rexroat asserts an Eighth Amendment claim of deliberate indifference against Dr. Marthakis and Wexford of Indiana for inadequate treatment for his left shoulder. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Corporate entities "[may] not be held liable under § 1983 on a *respondeat superior* theory." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." Id. Mr. Rexroat states a plausible Eighth Amendment claim against Dr. Marthakis. Because Mr. Rexroat has not identified a policy or custom that caused the inadequate treatment for his left shoulder, he may not proceed against Wexford of Indiana.

Mr. Rexroat names Warden Neal as a defendant due to his supervisory role at the Indiana State Prison. For Section 1983 claims against individuals, "liability depends on each defendant's knowledge and actions, not on the

knowledge or actions of persons they supervise." <u>Burks v. Raemisch</u>, 555 F.3d 592, 594 (7th Cir. 2009). Mr. Rexroat can't proceed against this defendant on a claim for money damages.

Mr. Rexroat asks for adequate medical care for his left shoulder. For prisoner cases, the court has limited authority to order injunctive relief. <u>Westefer v. Neal</u>, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." <u>Id.</u> Consequently, Mr. Rexroat may proceed on an injunctive relief claim for the medical treatment to which he is entitled under the Eighth Amendment. Warden Neal in his official capacity is the proper defendant for this claim because he has both the authority and the responsibility to ensure that Mr. Rexroat receives adequate care. <u>See Gonzalez v. Feinerman</u>, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Rexroat can proceed on an injunctive relief claim against that defendant.

For these reasons, the court:

(1) GRANTS Thomas Clifford Rexroat, Jr., leave to proceed on an Eighth Amendment claim for money damages against Sergeant Statham for using excessive force against him on July 17, 2019;

(2) GRANTS Mr. Rexroat leave to proceed on an Eighth Amendment claim for money damages against Dr. Marthakis for acting with deliberate indifference to serious medical needs by providing inadequate treatment for the left shoulder since July 19, 2019;

(3) GRANTS Mr. Rexroat leave to proceed on an injunctive relief claim against Warden Neal in his official capacity to obtain the medical care for his left shoulder as required by the Eighth Amendment;

(4) DISMISSES Wexford of Indiana and the unidentified correctional officer;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Sergeant Statham and Ron Neal at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 6), pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Dr. Marthakis at Wexford of Indiana, LLC, with a copy of this order and the amended complaint (ECF 6), pursuant to 28 U.S.C. § 1915(d); and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Statham, Ron Neal, and Dr. Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Thomas Clifford Rexroat, Jr., has been granted leave to proceed in this screening order.

SO ORDERED on September 1, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT